## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DECARLOS WRIGHT, #56611-056,

        Petitioner,

v.                                    Action No. 2:19cv530

WARDEN J. ANDREWS,
FCC Petersburg,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was brought by a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging a violation of due process due to a delay in receiving a report regarding prison discipline. ECF No. 1.  It was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.

The undersigned **RECOMMENDS** that respondent's motion to dismiss, ECF No. 5, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### I.        STATEMENT OF THE CASE

Decarlos Wright ("Wright") is currently an inmate at the Federal Corrections Complex ("FCC Petersburg") in Hopewell, Virginia, following his conviction in the United States District Court for the Western District of North Carolina.  ECF No. 1 at 1.  Wright brought this petition to challenge only the disciplinary proceedings that followed two violations of the Bureau of Prisons

("BOP") disciplinary code, reserving the right to challenge the convictions of those violations at a later date.  *Id*. at 1–2.

## A.     Wright's disciplinary hearing process

On April 9, 2019, Wright was issued an incident report charging him with violating BOP disciplinary code 113 by possessing drugs or alcohol on April 8, 2019.  *Id.* at 18.  On April 15, 2019, Wright appeared before the Unit Discipline Committee ("UDC"), and declined to make a statement regarding the incident.  ECF No. 6-2 at 3.  The same day, Wright received a notice of disciplinary hearing before the disciplinary hearing officer ("DHO").  *Id.* at 6.  Wright was advised of his rights at the disciplinary hearing.  *Id.* at 8.  He indicated that he did not wish to have a staff representative at the hearing, but that he did wish to call witnesses, specifically inmate Potts.  *Id.* at 6.

On April 30, 2019, Wright was issued a second incident report charging him with violating BOP disciplinary code 108 for possessing a hazardous tool, a cellphone.  ECF No. 1 at 26.  Wright was advised of his disciplinary hearing rights, waived his right to call witnesses or present evidence, and declined to make a statement.  ECF No. 6-2 at 4, 8.

On May 14, 2019, Wright appeared before the DHO.  *Id.* at 10–13.  With respect to the possession of drugs incident, Wright waived the right to have a staff representative, waived the right to present witnesses, and admitted possessing the drugs.  *Id.* at 10–11.  The DHO found Wright guilty of possessing drugs or alcohol, a violation of code 113.  *Id.*  His punishment for this violation was a loss of 13 days of vested good conduct time, a loss of 28 days of non-vested good conduct time, 15 days of disciplinary segregation, and a loss of 180 visitation privilege days.  *Id.* at 12.

Also on May 14, 2019, the DHO found Wright guilty of possessing a hazardous tool, a violation of code 108.  ECF No. 1 at 4.  This violation resulted in a loss of 41 days of good conduct time, as well as 41 days of disciplinary segregation.  *Id.*

A copy of the DHO's report of the disciplinary proceedings is required for an inmate to appeal his conviction.  *Id.* at 6.  Wright filed two Regional Administrative Remedy Appeals to the BOP's Mid-Atlantic Regional Office on July 17, 2019, due to the fact that he had not received his DHO report for either violation within the 15-day time period suggested for delivery of reports in the BOP's program statement.  *Id.* at 2–4, 20, 28.  Both appeals were rejected on August 8, 2019, because Wright had not attached copies of the DHO reports.  *Id.* at 3–4, 30.[1]

Wright appealed both violations to the BOP's Central Office on August 13, 2019.  *Id.* at 3–5, 22, 32.  Both appeals were rejected on September 9, 2019, for the following reason,

> Reject reason 1:  You submitted your request or appeal to the wrong level.  You should have filed at the regional office.

> Reject reason 2:  Concur with rationale of regional office for rejection.  Follow directions provided on prior rejection notices.

*Id.* at 3, 5, 24, 34.  Appeal to the Central Office is "the final step in the Administrative Remedy process."  *Id.* at 5.

**B.    Wright's federal petition**

On October 2, 2019, Wright filed a section 2241 petition for a writ of habeas corpus challenging the failure of the BOP to timely provide him a copy of the DHO report.  ECF No. 1.  Wright does not challenge the underlying disciplinary charges, but reserves the right to do so at a

---

[1] The rejection notice states, "you did not provide a copy of the DHO report you wish to appeal or identify the charges and date of the DHO action."  ECF No. 1 at 30.  The date and charges were specified in the appeals, but the DHO reports were not attached.  *Id.* at 3–4, 20, 28.

later time.  *Id.* at 1–2.  Wright seeks reinstatement of his good conduct time, as well as expungement of the two incident reports.  *Id*. at 15.

Warden J. Andrews ("respondent") filed a motion to dismiss, as well as a supporting memorandum on March 16, 2020.  ECF Nos. 5–6.  Respondent asserts that, on March 5, 2020, Wright received the DHO report for the possession of drugs violation, and provides a copy of the report.  ECF No. 6 at 5; ECF No. 6-2 at 10–13.

On March 26, 2020, Wright filed a motion to stay.  ECF No. 10.  Wright asserts that, after filing his petition, he received the DHO reports for both the drugs and cellphone violations.  *Id.* at 1.  Wright requests a stay to exhaust his administrative remedies.  *Id.*

## II.    <u>ANALYSIS</u>

**A.    Wright's petition for a writ of habeas corpus should be dismissed.**

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prisoners have a liberty interest in good time credits, and when those credits are taken away, a prisoner is entitled to those procedures which are appropriate under the circumstances and required by the Due Process Clause to ensure that the credits were not taken away arbitrarily.  *Id*. at 557–58.  Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are:  (1) written notice of the charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken.  *Id*. at 563–66.

A delay in receiving a written statement of the evidence relied on that does not have a prejudicial effect on the prisoner's administrative appeal, does not provide a basis for habeas relief

on due process grounds. *Griffin v. Ebbert*, 640 F. App'x 181,184 (3d Cir. 2016) (finding no due process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, [and] he had received the process he was due under *Wolff*"); *Staples v. Chester*, 370 F. App'x 925, 930 (10th Cir. 2010) (finding the approximate eight-month delay in providing petitioner with a copy of the DHO report did not prejudice his ability to bring an administrative appeal); *Cook v. Warden*, 241 F. App'x 828, 829 (3d Cir. 2007) (finding "even if [the petitioner] did not receive the DHO's written report within 10 days . . . the delay had no prejudicial effect on [his] administrative appeal and thus does not provide a basis for habeas relief"); *Shahan v. Ormond*, No. 3:18cv200, 2018 WL 6681210, at *8 (E.D. Va. Dec. 19, 2018) (finding petitioner failed to demonstrate that he suffered any prejudice from over eight-month delay in receiving the DHO Report), *aff'd*, 778 F. App'x 217 (4th Cir. 2019); *see also Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (explaining that it is "not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay," where a 16-year delay by the government to notify an employer of potential liability was held to be a violation of due process because there was prejudice shown).

When a prisoner files a petition for writ of habeas corpus due to the prison's delay in providing a written statement, but the due process violation is subsequently remedied by providing the prisoner with a written statement and allowing him to appeal, then there is no prejudicial effect on the prisoner, and his habeas petition should be dismissed. *Deroo v. Holinka*, 373 F. App'x 617, 617–19 (7th Cir. 2010); *see also Crawley v. Wilson*, No. 2:11cv542, 2012 WL 2505118, at *5 (E.D. Va. May 16, 2012) (citing *Consolidation Coal Co.*, 171 F.3d at 183, and holding that, where a prisoner's DHO report was delayed but he was still able to appeal the DHO's decision, there was

no due process violation because there was no prejudice resulting from the delay in receiving his report).

In Wright's petition, he does not dispute that the first two components of due process in *Wolff*—notice of charges and opportunity to present evidence—were satisfied. ECF No. 1. Wright was given written notice of the charges against him well before his hearings, and he was given an opportunity to call witnesses and present evidence. *Id.* at 18, 26; ECF No. 6-2 at 2–4, 6, 8, 10–11.

Wright's petition challenges only the third due process right addressed in *Wolff*. ECF No. 1 at 1–2. Specifically, Wright asserts that his due process rights were violated by not receiving his DHO reports within the 15-day time period prescribed by the BOP's guidelines. *Id.* at 4, 12–13. Wright proposes that his due process rights were violated as a result of the BOP's delay in providing him the DHO reports. *Id.* at 11–13.

The respondent contends that the grounds for Wright's petition are moot due to his receipt of the DHO reports. ECF No. 6 at 9. The respondent also maintains that Wright has not shown that he was prejudiced by the delay and therefore cannot claim that his due process rights were violated. *Id.* at 10–12.

Although Wright's appeal was delayed due to the respondent's failure to provide him the DHO report for approximately ten months, providing the report to Wright and allowing him to appeal the decision remedied the situation. The law does not regard such a delay as a due process violation if the prisoner is not prejudiced, and the delay does not provide a basis for the habeas relief sought. *See Consolidation Coal Co.*, 171 F.3d at 183. Because Wright has received both DHO reports and proceeded with his administrative appeals, he has not shown prejudice due to the delay and his habeas petition should be **DISMISSED**.

B.      **Wright's motion to stay should be denied.**

On March 26, 2020, Wright filed a motion to stay for the purpose of exhausting his administrative remedies subsequent to receiving both DHO reports.  ECF No. 10 at 1.  A stay of proceedings is not warranted in this case.  Wright specifically states in his petition that he is not challenging the underlying disciplinary violation, only the BOP's failure to timely provide the DHO report.  ECF No. 1 at 1–2.  He "reserve[s] the right to challenge the validity of the . . . disciplinary proceedings at a later time."  *Id.* at 2.  Therefore, Wright's motion to stay proceedings, ECF No. 10, should be **DENIED**.

### III.      RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Wright's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**, and Wright's motion to stay proceedings pending administrative action, ECF No. 10, be **DENIED**.

### IV.      REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


UNITED STATES MAGISTRATE JUDGE


Norfolk, Virginia
August 7, 2020

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Decarlos Wright, #56611-056
Federal Corrections Complex Medium
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By _/s/ J. L. Meyers_____

Deputy Clerk

_August 7_
_____, 2020